IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| WELDON H. ANGELOS, | : | ORDER & MEMORANDUM DECISION |
| | : | DENYING WELDON H. ANGELOS'S |
| Petitioner, | : | COMBINED MOTIONS |
| | : | TO RECONSIDER DECEMBER 8 AND |
| vs. | : | APRIL 29 ORDERS AND TO ADD |
| | : | FACTS AND CLAIMS TO 2255 |
| UNITED STATES OF AMERICA, | : | MOTION AND FOR LIMITED |
| | : | DISCOVERY; FOR RELIEF FROM |
| Respondent. | : | ORDERS UNDER RULE 60(b); AND TO |
| | : | ALTER OR AMEND JUDGMENT |
| | : | UNDER RULE 59 |
| | : | |
| | : | Case No. 2:07-CV-936-TC |
| | : | |
| | : | Judge Tena Campbell |

Petitioner Weldon H. Angelos has filed a pleading entitled "Combined Motions to Reconsider December 8 and April 29 Orders and to Add Facts and Claims to 2255 Motion and for Limited Discovery; for Relief from Orders under Rule 60(b); and to Alter or Amend Judgment Under Rule 59" (Docket No. 63). In his combined motions, Mr. Angelos seeks reconsideration and vacation of the court's December 8, 2008 and April 29, 2009 orders, and seeks an order allowing Mr. Angelos to "add facts and claims to his original 2255 motion." (Docket No. 64 at 2.) Mr. Angelos also requests an order permitting him to conduct "limited discovery on those claims that present disputed issues of fact." (Id.) He asks for an order granting "relief from" and altering or amending the December and April orders under Federal Rules of Civil Procedure Rule 59 and 60(b). (Id.) Finally, Mr. Angelos seeks "the relief

requested in his original 2255 motion." (Id.)

For the reasons set forth below, the court DENIES Mr. Angelos' combined motions.

## PROCEDURAL BACKGROUND

On December 3, 2007, Mr. Angelos filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  In its December 8, 2008 Order, the court concluded that it could consider only Mr. Angelos' claims of ineffective assistance of counsel because his other claims were procedurally barred.  In addition, except for his claim that he received ineffective assistance of counsel during plea negotiations, the court denied, on the merits, Mr. Angelos' claims of alleged ineffective assistance of counsel at trial because he did not demonstrate deficient performance or prejudice.  The court scheduled a hearing to fully develop the record on Mr. Angelos' claim of ineffective assistance of counsel in connection with plea negotiations.  The court denied Mr. Angelos's requests for discovery and an evidentiary hearing in connection with his other claims.

Following the evidentiary hearing, the court, on April 29, 2009, issued its order addressing Mr. Angelos' claim of ineffective assistance of counsel in connection with plea negotiations.  In the order, the court concluded that Mr. Angelos' trial counsel "gave Mr. Angelos competent and thorough representation" and denied this final claim. (Docket No. 58 at 13.)

## ANALYSIS

**Second or Successive § 2255 Petitions**

The government argues that the court may not consider most of Mr. Angelos' claims because they are second or successive motions under § 2255 and must be transferred to the Tenth

Circuit Court of Appeals. Relying on the decision in <u>Spitznas v. Boone</u>, 464 F.3d 1213 (10th Cir. 2006), a case following and applying <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), the government contends that the court has no jurisdiction to consider the following claims:

(1) the alleged ineffective assistance of counsel in connection with the impeachment of Ronnie Lazalde, Detective Mazuran, and Chelsea Davenport;

(2) the alleged ineffective assistance of counsel in connection with not hiring an expert to rebut Lazalde's testimony that he saw a firearm;

(3) the alleged ineffective assistance of counsel in connection with counsel's decision not to call certain individuals as witnesses at trial;

(4) the alleged ineffective assistance of counsel in connection with plea negotiations;

(5) the alleged ineffective assistance of counsel in connection with alleged perjury by Lazalde and Mazuran;

(6) the claim of "newly discovered evidence" concerning Lazalde;

(7) Mr. Angelos' request to file additional materials in connection with his Second and Eighth Amendment claims and to submit newly discovered evidence and supplement the record on various claims;

(8) A new allegation that the United States did not disclose <u>Brady</u> material; and

(9) the claim that the court erred when it did not conduct a hearing on all claims.[1]

But the government concedes that the following claims are "true" Rule 60(b) claims which the court can consider:

(1) the claim that the court erred when it determined that Mr. Angelos' Second, Fifth and Eighth Amendment claims were procedurally barred;

---

[1] In its opposition to Mr. Angelos' combined motions, the government did not identify this claim as one that would be barred as a successive § 2255 motion. But now, following the recent decision by the Tenth Circuit Court of Appeals in <u>In re: James Earl Lindsey</u>, ___ F.3d ___, No. 09-3184, 2009 WL 2952678 (10th Cir. Sept. 16, 2009), the government takes the position that this claim is barred.

>    (2)    the claim that the court erred when it did not permit him to conduct discovery on his Fifth and Sixth Amendment claims.

Mr. Angelos disputes the government's contention, asserting that the government has incorrectly characterized Mr. Angelos' claims as being brought under Federal Rule of Civil Procedure 60(b). Mr. Angelos argues that "each of Angelos's claims is properly before the Court on reconsideration pursuant to Rule 59(e) . . . ." (Pet.'s Reply (Docket No. 71) at 4.) According to Mr. Angelos, because he has brought his claims under Rule 59(e), they are not successive § 2255 motions. Mr. Angelos cites to a Sixth Circuit case, Howard v. United States, 533 F.3d 472 (6th Cir. 2008), as authority for his contention that his combined motions are simply an opportunity for this court to correct its previous errors. Although Mr. Angelos is correct that the Howard court declined to extend the reasoning of Gonzalez to a motion brought under Rule 59(e), even the Howard court recognized that the Fourth, Eighth and Tenth Circuits took a different view. Howard, 533 F.3d at 476.

The court agrees with the government that Howard does not dictate the analysis to be followed here. According to the Tenth Circuit, "[i]t is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (collecting cases); see also United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure.") (internal citation omitted). And the Tenth Circuit made clear that "'the bar against successive § 2255 petitions' may not be avoided 'by simply styling a petition under a different name.'" United States v. Hahn, 191 Fed. Appx. 758,

762 (10th Cir. 2006) (quoting United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). Indeed, another judge of this court, citing United States v. Pedraza, 466 F.3d 932, 934 (10th Cir. 2006), concluded that the Gonzalez bar against successive § 2255 motions also applied to Rule 59(e) motions. See Espinoza v. United States, No. 2:05-CR-217, 2008 WL 200299 at *1 (D. Utah Jan. 23, 2008); see also Morris v. United States, No. CV408-078, 2008 WL 4449897 at *1 (S.D. Ga. Oct. 1, 2008) (holding that court did not have jurisdiction to decide Rule 59(e) motion and stating that "the vast majority of circuits that have reached the issue have held that Rule 59(e) motions attacking the merits of a court's habeas judgment should also be deemed successive motions.").[2]

The court in Spitznas, building upon the Gonzalez decision, identified the difference between a second or successive petition and a "true" 60(b) motion. 464 F.3d at 1215. The court explained that a motion is a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. But if a motion is one which "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition . . .," then it is not a successive § 2255 petition. Id. at 1216 (internal citations omitted).

---

[2]The government contends that Mr. Angelos' challenge to the December 8, 2008 Order cannot be brought under Rule 59(e) because Mr. Angelos filed it long after the ten-day limit. Mr. Angelos disagrees. The court need not resolve this issue because, as discussed, no matter which procedural rule is invoked, the reasoning of Gonzalez applies.

With this test in mind, the court concludes that the government has correctly identified the issues the court can consider and those it cannot. The only claims the court can consider are (1) Mr. Angelos' claims that the court erred when it determined that his Second, Fifth and Eighth Amendment claims were procedurally barred; and (2) his claim that he should have been permitted to conduct discovery on his Fifth and Sixth Amendment claims.  Mr. Angelos' other claims assert or reassert a basis to set aside his conviction and consequently are second or successive petitions.  The court has no jurisdiction to review these claims, and so, by this Order, transfers them to the Tenth Circuit Court of Appeals for authorization under 28 U.S.C. § 2244(b)(3).  See Spitznas, 464 F.3d at 1217.

**Mr. Angelos' "True" Claims**

    1.    Mr. Angelos' Second, Fifth, and Eighth Amendment Claims

In its December 8, 2008 Order, the court found that "all but [Mr. Angelos'] Sixth Amendment claims are barred because they were or should have been raised during his direct appeal to the Tenth Circuit Court of Appeals (and he does not satisfy any exception to the procedural default rules)." (Docket No. 28 at 2.)  In the order, the court set forth its reasons for finding that Mr. Angelos' claims were procedurally barred.  (See id. at 15-18.)  The court will not repeat them here.  To the extent that Mr. Angelos is now contending that the decision in Kennedy v. Louisiana, 128 S. Ct. 2641 (2008), is an intervening change in the law relating to his Eighth Amendment claim, the court, for the same reasons articulated in the December 8, 2008 Order, disagrees. (Id. at 18 n.17, 19.)

Regarding Mr. Angelos' Second Amendment claim, the government maintains that because Mr. Angelos could have but did not raise this claim on direct appeal, he has applied the

6

wrong set of procedural bar rules. According to the government, Mr. Angelos must establish "cause and prejudice" or show that a constitutional error has occurred resulting in the conviction of one who is actually innocent. (U.S.'s Opp'n (Docket No. 67) at 12-13.) The government argues that Mr. Angelos has failed to meet this test.

It is a "'well-settled principle that to obtain collateral relief a petitioner must clear a significantly higher hurdle than would exist on direct appeal.'" United States v. Bailey, 286 F.3d 1219, 1223 (10th Cir. 2002) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)). If a defendant, such as Mr. Angelos, did not raise an issue on direct appeal, he must show cause excusing his procedural default, and actual prejudice resulting from the claimed errors or that failure to consider Mr. Angelos' claim will result in a fundamental miscarriage of justice. See Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995).

At oral argument, Mr. Angelos' counsel acknowledged that the government is correct that he must show both cause and prejudice to succeed on this claim. But according to Mr. Angelos' counsel, the decision in District of Columbia v. Heller, 128 S. Ct. 2783 (2008), provides both. Counsel is incorrect. This court pointed out in its December 8, 2008 Order, that Heller "did not change the notion that the right to bear arms has boundaries. The decision does not deal with statutes prohibiting possession or use of firearms in connection with criminal behavior." (Docket No. 28 at 18 n.19.) For that reason, Mr. Angelos has failed to show that he is entitled to relief on his claim under the Second Amendment.

Similarly, because Mr. Angelos did not raise his Fifth Amendment claims of prosecutorial misconduct and vindictive prosecution on appeal, Mr. Angelos must show cause and prejudice to excuse his failure. He contends that his trial counsel's failures satisfies the

requirement of cause. (See Pet.'s Br. Supp. Combined Mots. (Docket No. 64) at 20-21; Pet.'s Reply at 12 ("Failings of trial counsel serve as adequate 'good cause for failing to raise the issue earlier' . . . .").) But the court has found, in both its orders, that Mr. Angelos did not receive ineffective assistance of trial counsel, and Mr. Angelos has never raised a claim that appellate counsel were ineffective. Therefore, Mr. Angelos has not shown cause for his failure to raise this claim. Moreover, Mr. Angelos seems to ignore the prejudice requirement. In sum, Mr. Angelos' claim under the Fifth Amendment must be dismissed.

    2.    <u>Mr. Angelos' Request to Conduct Discovery</u>

In the December 8, 2008 Order, the court explained its reasons for concluding that Mr. Angelos was not entitled to conduct discovery on his claims.[3] "Although Mr. Angelos has articulated a general reason why he requests discovery, he has failed to provide any proposed discovery to the court, in violation of Rule 6(b)'s requirements. More significantly, Mr. Angelos has not shown good cause for discovery." (Docket No. 28 at 20-21.) Mr. Angelos has not presented anything new that would compel a different conclusion than that reached by the court in the December 8, 2008 Order.

**ORDER**

For the foregoing reasons, Petitioner Weldon Angelos' Combined Motions for reconsideration (Docket No. 63) are DENIED. It is further ORDERED that the claims raised by Mr. Angelos in his Combined Motions that the court finds are second or successive petitions are

---

[3]The court speaks of its order addressing Mr. Angelos' request for discovery concerning his claims of vindictive prosecution and prosecutorial misconduct, not his claim of ineffective assistance of counsel. (See Docket No. 28 at 20.)

hereby transferred to the Tenth Circuit Court of Appeals (as permitted by 28 U.S.C. § 1631) for authorization under 28 U.S.C. § 2244(b)(3).

DATED this 7th day of October, 2009.

BY THE COURT:

TENA CAMPBELL
Chief Judge